IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | | |
|---|---|---|
| American Builders Insurance Company f/k/a Association Insurance Company, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **Complaint for Declaratory Judgment** |
| McClain Houston, LLC, and Grady and Mary Jo McCarthy, | ) ) ) | |
| Defendants. | ) ) ) ) | |

The Plaintiff, American Builders Insurance Company f/k/a Association Insurance Company[1] ("American Builders"), hereby states the following as its Complaint for Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 2201-2202, and S.C. Code Ann. § 15-53-10, et seq.

## NATURE OF THE CASE

1. This action seeks a declaratory judgment that under certain insurance policies issued by it, Plaintiff has no duty to defend or indemnify Defendant McClain Houston, LLC ("McClain Houston"), with regard to claims asserted against it by Defendants Grady and Mary Jo McCarthy ("the McCarthys"), in a lawsuit filed in the Court of Common Pleas for Pickens County, South Carolina (Civil Action No. 2020-CP-39-00621) (the "Underlying Lawsuit").

---

[1] Association Insurance Company changed its name to American Builders Insurance Company effective January 20, 2015.

**PARTIES**

2. Plaintiff American Builders is a corporation organized and existing under the laws of the state of Delaware and maintains its principal place of business in the State of Georgia.

3. Defendant McClain Houston is a limited liability company previously[2] organized and existing under the laws of the State of South Carolina. McClain Houston's members were Randy McClain and Bryan Lee Houston, both of whom were citizens and residents of the State of South Carolina at all relevant times.

4. Defendants the McCarthys are and at all relevant times were citizens and residents of Pickens County, South Carolina.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 based on the limits of liability of the insurance policies at issue.

6. This Court has personal jurisdiction over the Defendants. The facts and circumstances giving rise to the claim occurred in South Carolina, and the insurance policies at issue were issued to a South Carolina entity and are governed by South Carolina law.

7. Venue in this district is proper under 28 U.S.C. §§ 121(9) and 1391(b)(2) and because the events giving rise to the claims in the Underlying Lawsuit occurred in this district.

---

[2] Defendant McClain Houston is included as a named defendant in this action due to its status as named insured under the policies at issue, to the extent they continue to have any interest therein. However, upon information and belief, McClain Houston has completed a Chapter 7 Bankruptcy proceeding and is no longer actually conducting any business.

## PROCEDURAL POSTURE

8. On June 1, 2020, the McCarthys filed the Underling Lawsuit against McClain Houston. (*See* Complaint in Underlying Lawsuit attached as **Exhibit A**).

9. The filing of the Underlying Lawsuit was authorized by the United States Bankruptcy Court for the District of South Carolina in Case Number 2017-bk-03106-hb (the "Bankruptcy Action"). (*See* Order Granting Relief From Stay, attached as **Exhibit B**).

10. Subsequent to the filing of the Underlying Lawsuit, the Bankruptcy Action has concluded, and is now closed. (*See* Final Decree, Discharging Trustee and Closing Case in Bankruptcy Action, attached as **Exhibit C**).

11. On July 21, 2020, after being notified of the filing of the Underlying Lawsuit, American Builders issued a reservation of rights letter to McClain Houston regarding the Underlying Lawsuit and American Builders' provision of a defense to McClain Houston subject to this reservation of rights. (*See* Reservation of Rights Letter, attached as **Exhibit D**.)

12. On September 20, 2020, McClain Houston filed an Answer to the Complaint in the Underlying Lawsuit, and subsequently filed an Amended Answer and Third-Party Complaint on October 2, 2020. (*See* Amended Answer in Underlying Lawsuit, attached as **Exhibit E**).

13. As of the filing of this action, the Underlying Lawsuit remains pending in the Pickens County Court of Common Pleas, and American Builders continues to provide a defense to McClain Houston (subject to its reservation of rights) through the law firm of McAngus Goudelock & Courie, LLC.

## FACTUAL ALLEGATIONS

### The construction and the resulting Underlying Lawsuit

14. The Complaint in the Underlying Lawsuit asserts four causes of action against McClain Houston: (1) Breach of Contract (*see* **Exhibit A** at ¶¶ 20-23), (2) Negligence (*see id.* at ¶¶ 24-29), (3) Breach of Implied Warranty (*see id.* at ¶¶ 30-33), and (4) Fraud (*see id.* at ¶¶ 34-38).

15. The claims in the Underlying Lawsuit are based upon allegations of construction defects in McClain Houston's work, as well as allegations that McClain Houston failed to perform certain work and provide certain materials that were paid for, and that McClain Houston failed to pay certain subcontractors. (*See id.* at ¶¶ 16-18, 21, 25-26, 32, and 35-36).

16. According to the Complaint, the McCarthys entered into a construction contract with McClain Houston on or about June 22, 2015, to act as the General Contractor and construct a custom home on the McCarthys' lot, located at 105 Misty Water Loop, Sunset, South Carolina 29685 (the "Home"). (*See id.* at ¶ 8).

17. As the General Contractor for the construction of the Home, McClain Houston was responsible for all aspects of the construction of the Home, and all work performed in the construction of the Home was either performed by McClain Houston itself, or subcontractors on behalf of McClain Houston.

18. On June 23, 2017, McClain Houston filed for Chapter 7 Bankruptcy. (*Id.* at ¶ 10; *see also* Voluntary Petition filed in Bankruptcy Action, attached here as **Exhibit F**.)

19. Within the Complaint, the McCarthys allege that on or about June 26, 2017, the Home was substantially incomplete, and McClain had not been paying its contractors and suppliers for their work on the Home. (*See* **Exhibit A** at ¶¶ 11-12).

20. The McCarthys further allege that the McCarthys terminated their contract with McClain for the Home, and contracted with a third party, Truman Builders, to finish

4

construction of the Home. (*See id.* at ¶¶ 14-15).

21. The McCarthys allege that after Truman Builders took over construction on the Home, they learned of multiple construction issues that resulted in damage to the Home. (*Id.* at ¶ 22).

22. Based on the above, the McCarthys seek to hold McClain Houston liable for Breach of Contract, Negligence/Gross Negligence, Breach of Implied Warranty, and Fraud. (*See id.* at ¶¶ 20-23, 24-29, 30-33, and 34-38.)

23. In support of their Breach of Contract and Negligence claims, the McCarthys have alleged that McClain breached the construction contract, and breached its duty of care as a contractor, by

(a) Failing to properly supervise its subcontractors;
(b) Failing to properly furnish the Work on the Home;
(c) Failing to inspect and then remedy the defective Work on the Home;
(d) Failing to perform the Work in a good and workmanlike manner, including, but not limited to, improper, defective, and/or inadequate installation;
(e) Failing to perform the Work pursuant to applicable construction industry building codes, norms, customs, standards and laws;
(f) Failing to perform and supply materials for the Work that Plaintiffs paid for; and
(g) Failing to pay subcontractors for the Work performed.

(*See id.* at ¶¶ 21, 26.)

24. In support of their Breach of Warranty claim, the McCarthys have restated the actions contained in subsections (a) through (e), above (*id.* at ¶ 32), and in support of their Fraud claim, the McCarthys have alleged that McClain Houston billed the McCarthys for certain materials and labor on the Home, but did not perform the work. (*See id.* at ¶¶ 35-36.)

25. As damages, the McCarthys are seeking costs arising out of the

5

aforementioned causes of action, along with their costs associated with the Underlying Lawsuit. (*See id.* at pp. 6-7.)

## **The Insurance Policies**

26. Association Insurance Company issued McClain Houston a Commercial Package Policy bearing number PKG 0113297 03, with a policy period of October 8, 2014, to October 8, 2015, consisting of a Commercial Property Coverage Part, Commercial General Liability Coverage Part, Commercial Inland Marine Coverage Part, and Crime and Fidelity Coverage Part. Association Insurance Company also issued McClain a renewal of PKG 0113297 03, bearing policy number PKG 0113297 04, effective October 8, 2015 to October 8, 2016.

27. American Builders issued McClain Houston a Commercial Package Policy bearing number PKG 0113297 05, which consisted of a Commercial Property Coverage Part, Commercial General Liability Coverage Part, Commercial Inland Marine Coverage Part, and Crime and Fidelity Coverage Part. A copy of the Declarations Page for package policy PKG 0113297 05, and a copy of the Commercial General Liability Coverage Part are attached hereto as **Exhibit G**. Because the relevant provisions of each aforementioned policy are identical, only portions of the final policy are attached hereto, with the others hereby incorporated by reference. When discussed collectively, PKG 0113297 03, PKG 0113297 04, and PKG 0113297 05 are hereinafter referred to collectively as the "American Builders Policies."

28. PKG 0113297 05 was originally subject to an effective date of October 8, 2016, through October 8, 2017. (*See* **Exhibit G** at p. 1.)

29. On or about July 26, 2017, McClain Houston provided a Cancellation Request/Policy Release to American Builders, requesting that American Builders cancel PKG 0113297 05 effective June 23, 2017, and agreeing that no claims of any type would be made under

the policy for losses occurring after that date. A copy of this Cancellation Request/Policy Release is attached hereto as **Exhibit H**.

30. Section I of the American Builders Policies provides that:

[American Builders] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [American Builders] will have the right and duty to defend the insured against any "suit" seeking those damages. However, [American Builders] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(**Exhibit G** at p. 15.)

31. The American Builders Policies define "property damage" as physical injury to tangible property, including all resulting loss of use of that property" or "loss of use of tangible property that is not physically injured." (*Id.* at p. 29.)

32. The American Builders Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.*)

33. The American Builders Policies provide that, in connection with residential structures, the insurance afforded to McClain Houston does not apply to "any claim or 'suit' for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good any faulty, defective or poor workmanship in 'your work' for which any insured or any insured's employees, contractors, or subcontractors may be liable" (the "Resulting Damage Exclusion.") (*Id.* at p. 63.) The Resulting Damage Exclusion does not apply to " 'property damage' sustained by any other property that is caused by the faulty, defective or poor workmanship in 'your work.' " (*Ibid.*) Furthermore, the Resulting Damage Exclusion specifically

7

applies to "residential structures for which coverage is not otherwise excluded" by the policy. (*Ibid.*)

34. "Your work" is defined in the as "work or operations performed by you or on your behalf" and includes "warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work.' " (*Id.* at p. 30.)

35. The American Builders Policies provide that the insurance afforded to McClain Houston does not apply to "property damage" to "that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations" ("the j(5) Exclusion"). (*Id.* at pp. 18-19.)

36. The American Builders Policies provide that the insurance afforded to McClain Houston does not apply to "property damage" to "that particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it" but that this exclusion does not apply to "property damage" included in the "product-completed operations hazard" ("the j.(6) Exclusion"). (*Id.*)

37. The "products-completed operations hazard" is defined as including all " 'property damage' occurring away from premises you own or rent and arising out of . . . 'your work' except: . . . work that has not yet been completed or abandoned," and provides that "work that may need . . . correction, repair or replacement, but which is otherwise complete, will be treated as completed." (*Id.* at p. 15.)

38. The American Builders Policies provide that the insurance afforded to McClain does not apply to "property damage" "expected or intended from the standpoint of the insured" (the "Expected Injury Exclusion"). (*Id.*)

8

39. The American Builders Policies provide that the insurance afforded to McClain Houston does not apply to " 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement" (hereinafter "the Contractual Liability Exclusion"). (*Id.* at p. 16.)

40. The American Builders Policies provide that the insurance afforded to McClain Houston does not apply to " 'property damage' to 'impaired property' or property that has not been physically injured, arising out of . . . a defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work;' or . . . [a] delay or failure by your or anyone acting on your behalf to perform a contract or agreement in accordance with its terms" ("the 2(m) Exclusion"). (*Id.* at p. 19.)

41. The American Builders Policies provide that the insurance afforded to McClain Houston does not apply to "damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of: (1) 'your product'; (2) 'your work'; or 'impaired property"; if such product, work or property is withdrawn . . . from use by any person or organization . . . because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it" ("the 2(n) Exclusion"). (*Id.*)

42. The American Builders Policies each contain the following endorsements:

- CG2116 (4/13) Exclusion – Designated Professional Services
- CG2234 (4/13) Exclusion – Construction Management Errors and Omissions
- CG2243 (4/13) Exclusion – Engineers, Architects or Surveyors Professional Liability
- CG2279 (4/13) Exclusion – Contractors – Professional Liability

9

(collectively referred to as "the Professional Services Exclusions"). These Professional Services Exclusions provide that the insurance does not apply to "property damage" arising out of the rendering or failure to render certain identified "professional services" by the insured or on the insured's behalf. (*Id.* at pp. 37, 50-52.)

43.     The American Builders Policies include a Limited Fungi or Bacteria Coverage Endorsement (Form GL FB 01 09) which provide coverage for " 'property damage' which would not have occurred, in whole or in part, but for the actual, alleged or threatened . . . exposure to, existence of, or presence of, any fungi or bacteria on or within a building . . . ." (the "Limited Fungi or Bacteria Liability"). (*Id.* at pp. 61-62.) However, the Limited Fungi or Bacteria Liability coverage has an each occurrence limit and an aggregate limit of $5,000, which expressly includes any defense costs, and this coverage is subject to a $2,000 deductible. (*See id.*)

44.     Pursuant to the American Builders Policies' "Other Insurance Clause," any coverage afforded by the American Builders Policies is excess to "any other primary coverage available to [McClain Houston] covering liability for damages arising out of . . . operations . . . for which [McClain Houston has] been added as an additional insured." (*Id.* at p. 26.)

## FOR A FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

45.     Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

46.     There is now a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

47.     With regard to the Underlying Lawsuit, McClain Houston has sought a defense and potential indemnification under the American Builder Policies.

48. Plaintiffs seek a determination from this Court that, under the American Builders Policies, they have no defense or indemnification obligations to McClain Houston in connection with the claims asserted in the Underlying Lawsuit, because there is no potential for coverage under the American Builders Policies.

49. The aforementioned terms, conditions and exclusions in the American Builders Policies are clear and unambiguous.

50. The damages sought in the McCarthys' Complaint do not qualify as "property damage" covered under the American Builders Policies.

51. To the extent there is any "property damage" which otherwise might be covered under the American Builders Policies, any such "property damage" was not caused by an "occurrence" as defined in the American Builders Policies.

52. To the extent there are any damages at issue in the Underlying Lawsuit which might otherwise be covered under the American Builders Policies, coverage is excluded by the Resulting Damage Exclusion. The McCarthys' claims are based on the cost to repair, replace, or otherwise make good the construction work performed at the Home. The McCarthys have not alleged the existence of any "property damage" to any other property other than the Home, and are not seeking damages to repair any other property other than the Home. Additionally, McClain Houston was alleged to be the General Contractor for the Home. Necessarily, all subcontractors who performed operations at the Home were doing so either directly or indirectly for McClain Houston. Therefore, all defective or deficient construction at the Home qualifies as "your work" with regard to McClain Houston. Because the McCarthys are claiming damages for the cost to repair McClain Houston's work, and only McClain Houston's work, their claims fall entirely within the Resulting Damage Exclusion.

53. To the extent there is any "property damage" which otherwise might be covered under the American Builders Policies, coverage for that "property damage" is excluded by the j(5) Exclusion because all damage at issue arises out of ongoing operations performed by McClain Houston on real property. First, because the Home is a residence permanently affixed to real estate, the Home is "real property." Second, as described above, because McClain Houston is alleged to have been the General Contractor for the Home, all subcontractors who performed operations at the Home were doing so either directly or indirectly for McClain Houston. Finally, as indicated by the plain language of the McCarthys' Complaint, construction on the Home was not completed by McClain Houston, and was instead completed by another contractor after McClain Houston was terminated by the McCarthys. Therefore, any "property damage" at issue in the Complaint arose out of operations McClain Houston "[was] performing" on real property at the time, and fall entirely within the j(5) Exclusion.

54. To the extent there is any "property damage" which otherwise might be covered under the American Builders Policies, coverage for that "property damage" is excluded by the j(6) Exclusion to the extent it arises out of a claim to restore, repair, or replace the Home because McClain Houston's work was allegedly incorrectly performed on it. As described above, because McClain Houston is alleged to have been the General Contractor for the Home, all defective or deficient construction at the Home qualifies as "your work" with regard to McClain Houston. Because the McCarthys are claiming damages for the cost to restore, repair, or replace the work McClain Houston incorrectly performed on the Home, their claim falls squarely within the definition of the j(6) Exclusion. Moreover, McClain Houston's work on the home does not fall within the products-completed operations hazard, so the claim does not fall within the exception to the j(6) Exclusion. The Complaint clearly states that construction on the Home was

not completed by McClain Houston, and that when McClain Houston was terminated, the Home remained "substantially incomplete." Therefore, based on the four corners of the Complaint alone, the Home "ha[d] not yet been completed" by the time the McCarthys terminated McClain Houston. Additionally, however, McClain Houston canceled the final American Builders Policy as of June 23, 2017, which was before the McCarthys terminated the construction contract with McClain Houston. Therefore, at all times relevant to the effective dates of the American Builders Policies, the Home "ha[d] not yet been completed."

55. To the extent there is any "property damage" which otherwise might be covered under the American Builders Policies, coverage for that "property damage" is excluded by the Expected Injury Exclusion to the extent that it arises out of fraudulent activity on the part of McClain Houston, or was otherwise expected or intended from the standpoint of McClain Houston.

56. To the extent there is any "property damage" which otherwise might be covered under the American Builders Policies, coverage for that "property damage" is excluded by the Contractual Liability Exclusion to the extent that McClain Houston is obligated to pay damages for such property damage by reason of the assumption of liability in a contract or agreement.

57. To the extent there is any "property damage" which otherwise might be covered under the American Builders Policies, coverage for that "property damage" is excluded by the 2(m) Exclusion to the extent that the "property damage" was to "impaired property" or "property that has not been physically injured" and it arises out of either a defect, deficiency, inadequacy or dangerous condition in McClain Houston's work or a delay or failure by McClain Houston to perform a contract or agreement in accordance with its terms.

58. To the extent there are any damages at issue in the Underlying Lawsuit which might otherwise be covered under the American Builders Policies, those damages are excluded by the 2(n) Exclusion to the extent that they arise out of a claim for a loss, cost or expense incurred for the loss of use, repair or replacement of the Home, because McClain Houston's work was effectively withdrawn from use upon the McCarthys terminating McClain Houston due to suspected defects, deficiencies, or inadequacies.

59. To the extent there is any "property damage" which otherwise might be covered under the American Builders Policies, coverage for that "property damage" is excluded by the Professional Services Exclusions to the extent that the McCarthys' claim seeks any damage for McClain Houston's rendering or failure to render such professional services.

60. The McCarthys have alleged, without elaboration, that mold damage may have existed at the Home (Exhibit A at ¶ 17). To the extent that there is any "property damage" at issue in the Underlying Lawsuit which would not have occurred, in whole or in part, but for the exposure to, existence of, or presence of mold (or any other fungi or bacteria) on or within the Home, American Builders' potential liability under the American Builders Policies would be limited to the $5,000 Coverage Limit under the Limited Fungi or Bacteria Coverage Endorsement minus the $2,000 deductible applicable to that limit (for a total of $3,000).

61. Any coverage provided under the Limited Fungi or Bacteria Coverage Endorsement remains subject to the American Builders Policies' other terms, conditions and exclusions. Additionally, American Builders has already expended an amount in excess of $3,000 in its defense of McClain Houston in the Underlying Lawsuit and, therefore, and coverage under the Limited Fungi or Bacteria Endorsement has been exhausted.

62. To the extent there are any damages at issue in the Underlying Action which are not excluded by virtue of the aforementioned provisions, the American Builders Policies are still not triggered because, based upon information and belief, McClain Houston has been included as an additional insured on other liability policies which may respond to this loss and such additional insured coverage is primary to any coverage under the American Builders Policies.

63. To the extent that the Underlying Lawsuit fails to seek damages because of "property damage" covered by the American Builders Policies, or to the extent the American Builders Policies have not yet been triggered, American Builders does not have a defense or indemnification obligation to McClain Houston.

64. This matter is ripe for declaratory judgment, and a prompt adjudication of the parties' rights and obligations with respect to the claims for coverage under the American Builders Policies would be of practical utility to the parties.

65. Plaintiffs seek a declaration of the rights and responsibilities of the parties under the American Builders Policies relating to the claims asserted in the Underlying Lawsuit. Plaintiffs request that the Court inquire into this matter, and enter judgment on their behalf and against the Defendants, declaring that as a result of one or more of the following reasons, Plaintiffs have no duty under the American Builders Policies to defend or to indemnify Defendants McClain Houston as to any of the claims asserted by Defendants the McCarthys in the Underlying Lawsuit:

  (a) No coverage exists under the American Builders Policies because the Underlying Lawsuit does not allege or seek any damages for "property damage" as defined by those policies;

  (b) No coverage exists under the American Builders Policies because the Underlying Lawsuit does not allege an "occurrence" as defined

15

by those policies;

(c) No coverage exists under the American Builders Policies because any damage is completely excluded by the Resulting Damage Exclusion;

(d) No coverage exists under the American Builders Policies because any damage is completely excluded by the j(5) Exclusion;

(e) No coverage exists under the American Builders Policies because any damage is completely excluded by the j(6) Exclusion;

(f) No coverage exists under the American Builders Policies because any "property damage" was expected or intended from the standpoint of McClain Houston and is excluded by the Expected Injury Exclusion;

(g) To the extent that McClain Houston is obligated to pay for any "property damage" by reason of the assumption of liability in a contract or agreement, no coverage exists under the policies because any such damages are excluded by the Contractual Liability Exclusion;

(h) To the extent that McClain Houston is obligated to pay for any "property damage" to property that had not been physically injured, and arises out of an inadequacy in McClain Houston's work, all such damage is excluded by the 2(m) Exclusion;

(i) To the extent that McClain Houston is obligated to pay for any "property damage" arising out of the cost to repair, replace, or adjust

        its work due to its work being withdrawn, all such damage is excluded by the 2(n) Exclusion;

(j) To the extent that McClain Houston is obligated to pay for any "property damage" arising out of professional services rendered, all such damage is excluded by the Professional Services Exclusions;

(k) To the extent that McClain Houston is obligated to pay for any "property damage" which would not have occurred (whether in whole or in part) but for the exposure to, existence of, or presence of mold or any other fungi or bacteria, American Builders' liability under the American Builders Policies is limited to $5,000, inclusive of defense costs and subject to a $2,000 deductible, and this coverage has already been exhausted by defense costs incurred by American Bankers in the defense it has provided to McClain Houston in the Underlying Lawsuit.;

(l) The American Builders Policies are not triggered unless and until any and all other policies, which provide coverage for the Underlying Lawsuit and which name McClain Houston as an additional insured, have fully exhausted;

(m) Because no coverage exists under the American Builders Policies, American Builders has no duty to defend or to indemnify McClain Houston in the Underlying Lawsuit.

    WHEREFORE, American Builders requests that judgment be entered in its favor and against the Defendants declaring the rights and duties, and other obligations of the parties with

17

respect to the American Builders Policies as set forth above, and granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

        NELSON MULLINS RILEY & SCARBOROUGH, LLP

        By: *s/Brian P. Crotty*
           Brian P. Crotty
           Federal Bar No. 7445
           E-Mail: brian.crotty@nelsonmullins.com
           C. Mitchell Brown
           Federal Bar No. 5283
           E-Mail: mitch.brown@nelsonmullins.com
           Thomas T. Hydrick
           Federal Bar No. 13322
           E-Mail: thomas.hydrick@nelsonmullins.com
           1320 Main Street / 17th Floor
           Post Office Box 11070 (29211-1070)
           Columbia, SC  29201
           (803) 799-2000

        *Attorneys for American Builders Insurance Company f/k/a Association Insurance Company*

Columbia, South Carolina

February 16, 2021